UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS    JUDGE NORGLE
EASTERN DIVISION

UNITED STATES OF AMERICA    )    MAGISTRATE JUDGE SIDNEY I. SCHENKIER
                            )
      v.                    )    **00CR0503**
                            )
ROLAND GRAY                 )    No. _____
ALICE GRAY,                 )    Violations: Title 18, United
   also known as Alice Galimore)    States Code, Sections 2, 1341
   also known as Alice Bruce,  )    and 1512(b)(1) **FILED**
ELIJAH GRAY,                )
CHRISTOPHER GRAY,           )
DAVID ESPER,                )
JACOB GRAVES, and           )    JUN 2 7 2000
EDWIN McDONALD              )

DOCKETED
JUN 28 2000

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

COUNT ONE

The SPECIAL JANUARY 1999-2 GRAND JURY charges:

1.    At times material herein:

      a.    Defendant ROLAND GRAY was a pastor at New Bethel Missionary Baptist Church in Harvey, Illinois.

      b.    Defendant ALICE GRAY was ROLAND GRAY's wife.

      c.    Defendant ELIJAH GRAY was ROLAND GRAY's brother.

      d.    Defendant CHRISTOPHER GRAY was ROLAND GRAY's nephew.

      e.    Defendants DAVID ESPER and JACOB GRAVES were associated with ROLAND GRAY's church.

      f.    Defendant EDWIN McDONALD was a chiropractor.

      g.    Stephanie Hobson was ROLAND GRAY's daughter.

      h.    Ronald Crosby was ROLAND GRAY's associate.

      i.    The following insurance companies were authorized to do business in the State of Illinois and other states, and were engaged in the business of issuing various types of insurance policies, including automobile insurance policies, homeowners' insurance policies, accident, health, and hospitalization insurance

policies, and disability insurance policies:

(1) Aetna Life & Casualty Co.,
also known as Travelers Property & Casualty Co.

(2) Allstate Insurance Co.

(3) American Family Mutual Insurance Co.

(4) American Heritage Life Insurance Co.,
also known as Southwest Reinsurance Co.

(5) American International Companies

(6) American Service Insurance Co.

(7) American States Insurance Co.,
also known as Lincoln National Corp.

(8) Country Companies,
also known as Country Mutual Insurance Group

(9) Economy Fire and Casualty Co.,
also known as St. Paul Fire and Marine Insurance Co.,
also known as MetLife

(10) Farmers Insurance Group

(11) Globe Life Insurance Co.,
also known as Union Fidelity Life Insurance Co.,
also known as Union Insurance Group

(12) Hartford Insurance Co.

(13) Illinois Founders Insurance Co.

(14) Individual Assurance Co.

(15) Liberty National Life Insurance Co.

(16) Life Insurance Company of Georgia

(17) Monumental Life Insurance Co.,
also known as AEGON

(18) Mutual of Omaha Insurance Co.

(19) National Car Rental Systems, Inc.

(20) Physicians Mutual Insurance Co.

2

(21) Protective Life Insurance Co.

(22) St. Paul Fire and Marine Insurance Co.,
also known as Economy Fire and Casualty Co.,
also known as MetLife

(23) State Farm Insurance Co.

(24) Union Fidelity Life Insurance Co.
formerly known as The Credit Life Insurance Co.

(25) Union Auto Indemnity Co.,
also known as Union Insurance Group

(26) USLife Credit Life Insurance Co.,
also known as American General Assurance Co.

(27) Warrior Insurance Group/Valor Insurance Co.

j.    It was the practice of the aforementioned insurance companies to evaluate an application for insurance, and to rely on information supplied by the applicant in making the following decisions:

(1)   whether to insure a particular risk;

(2)   the amount of coverage to offer;

(3)   the rate of insurance to charge.

k.    After the policy was issued, it was the practice of the aforementioned insurance companies to reimburse valid claims for losses resulting from:

(1)   property damage, personal injury, vandalism, fire, theft, and wage losses caused by the negligent operation of the insured automobile or by the negligence of uninsured motorists in the case of automobile insurance;

(2)   fire and theft of personal property and loss of use of the insured residence in the case of homeowners' insurance;

3

(3) accidents, sickness, and hospitalization of the insured, in the case of accident, health, and hospitalization insurance;

(4) medical disabilities of the insured causing wage loss, inability to pay creditors, and other financial losses in the case of disability insurance.

l. It was the practice of the aforementioned insurance companies to evaluate a claim for benefits, and to rely on information supplied by the claimant in determining:

(1) whether the event giving rise to the claim was within the risks covered by the policy; and

(2) to what benefits this claim entitled the claimant.

m. It was the practice of the aforementioned insurance companies to evaluate medical reports relating to a claim for benefits, and to rely on information supplied by the treating physician in determining:

(1) whether the event giving rise to the claim was within the risks covered by the policy; and

(2) to what benefits this claim entitled the claimant.

2. From on or about September 26, 1989, and continuing through on or about August 20, 1999, at Chicago and elsewhere, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
ALICE GRAY,
also known as Alice Galimore,

4

also know as Alice Bruce,
ELIJAH GRAY,
CHRISTOPHER GRAY,
DAVID ESPER,
JACOB GRAVES, and
EDWIN McDONALD,

defendants herein, along with others known and unknown to the grand jury, including Stephanie Hobson and Ronald Crosby, devised and intended to devise a scheme to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and omissions. The scheme was in substance as follows:

3. It was part of the scheme that defendants ROLAND GRAY, ALICE GRAY, ELIJAH GRAY, CHRISTOPHER GRAY, DAVID ESPER, and JACOB GRAVES, along with Stephanie Hobson and Ronald Crosby, fraudulently obtained insurance for themselves and their property with multiple insurance companies, submitted fraudulent claims to these insurance companies, and fraudulently obtained more than $200,000 in satisfaction of their claims.

4. It was further part of the scheme that, at defendant ROLAND GRAY's direction, defendant EDWIN McDONALD, a chiropractor, supplied false and fraudulent information to insurance companies in support of fraudulent claims of injury and disability made by the defendants and their co-schemers.

5. It was further part of the scheme that defendants ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY made false and fraudulent representations on insurance policy applications to the aforementioned insurance companies. Among other things, defendants

5

denied having other insurance, prior accidents and medical or loss histories, when in fact they had multiple insurance policies at one time, and had previously claimed one or more accidents with injuries and losses. Specifically, with respect to these insurance policy applications, among other things, the defendants did the following:

a. In an application for an automobile insurance policy to American Service Insurance Co. dated December 18, 1989, defendant ROLAND GRAY fraudulently represented that he had not had any accidents, and that neither he nor any driver that would be covered by this insurance policy had any accidents or moving violations in the past 36 months. Relying on this fraudulent information, American Service Insurance Co. issued the policy pursuant to which ROLAND GRAY submitted a claim which arose out of an alleged accident occurring on or about February 25, 1990, and an alleged theft of vehicle which occurred on or about March 18, 1990.

b. In an application for an automobile policy to Aetna Life & Casualty Co. dated March 29, 1990, defendant ROLAND GRAY fraudulently represented that during the past 36 months neither he nor any other driver currently residing in his household had been involved in an auto accident while operating any private passenger auto resulting in property damage to any property, or any bodily injury including to himself. Relying on this fraudulent information, Aetna Life & Casualty Co. issued the policy pursuant to which ROLAND GRAY submitted three claims which arose out of alleged accidents occurring on or about June 12, 1990, February 5,

6

1991, and March 27, 1991. Pursuant to this same policy, defendant ELIJAH GRAY submitted two claims which arose out of alleged accidents occurring on or about October 16, 1990, and February 5, 1991. In satisfaction of some of these claims, Aetna Life & Casualty Co. paid approximately $6,703.50.

  c. In an application for hospital and travel policies to Liberty National Life Insurance Co. dated February 5, 1991, defendant ROLAND GRAY fraudulently represented that within the past two years, he had not been hospitalized for a disease or disorder involving his back or spine. Relying on this fraudulent information, Liberty National Life Insurance Co. issued the policies pursuant to which ROLAND GRAY submitted two claims which arose out of alleged accidents occurring on or about February 5, 1991, and March 27, 1991. In satisfaction of these claims, Liberty National Life Insurance Co. paid approximately $2,433.10.

  d. In an application for a hospital indemnity policy to Mutual of Omaha Insurance Co. dated July 9, 1991, defendant ELIJAH GRAY fraudulently represented that he had not incurred any sickness or injury within the past year for which he received treatment by a health care provider. Relying on this fraudulent information, Mutual of Omaha Insurance Co. issued the policy pursuant to which ELIJAH GRAY submitted three claims which arose out of alleged accidents occurring on or about August 25, 1991, May 12, 1992, and April 9, 1993. In satisfaction of one of these claims, Mutual of Omaha Insurance Co. paid approximately $346.70.

  e. In applications for accident, hospitalization, and

hospital indemnity policies to Life Insurance Co. of Georgia dated October 24, 1991, defendant ROLAND GRAY fraudulently represented that he had no other health insurance in force. Relying on this fraudulent information, Life Insurance Co. of Georgia issued the policies pursuant to which ROLAND GRAY submitted multiple claims which arose out of alleged accidents occurring on or about January 17, 1992, February 12, 1992, June 13, 1992, and August 15, 1992. In satisfaction of these claims, Life Insurance Co. of Georgia paid approximately $8,127.76.

f.    In an application for a group mortgage disability insurance policy to Monumental Life Insurance Co., later known as AEGON, dated March 3, 1993, defendant ALICE GRAY fraudulently represented that within the past five years she had not been confined in any hospital or medical facility, or seen a physician for treatment or consultation for any reason other than a symptom-free check-up. Relying on this fraudulent information, Monumental Life Insurance Co. issued the policy pursuant to which ALICE GRAY submitted claims arising out of alleged accidents occurring on or about August 6, 1993, July 16, 1995, June 18, 1996, July 17, 1997, and March 11, 1998. In satisfaction of these claims, Monumental Life Insurance Co. paid approximately $31,176.80.

g.    In an application for a health and income policy to State Farm Insurance Co. dated March 13, 1993, defendant ROLAND GRAY fraudulently represented that within the last ten years he had not been told he had, or been treated for any injury or disorder of the spine, neck or back, jaw, arm, leg, shoulder, wrist, hand, hip,

8

knee, ankle or foot; that within the last five years for any reason not already explained he had not consulted any doctor, chiropractor, psychologist, or other medical practitioner, nor had been treated or confined in a hospital or clinic; that within the last three years he had not claimed or received any insurance or government benefits because of injury, sickness, or disability. During the paramedical examination dated April 12, 1993, ROLAND GRAY fraudulently represented that he had never been treated for nor had any known indication of arthritis, injury or disorder of the spine, neck or back, arm, leg, shoulder, wrist, hand, hip, knee, ankle, or foot; that other than all of the questions he had already answered, within the past five years he had not had a checkup, consultation, illness, injury, or surgery, been a patient in a hospital, clinic, or other medical facility, had an electrocardiogram, x-ray, or other diagnostic test; and that within the last three years he had not claimed or received any benefits because of injury, sickness, or disability. Relying on this fraudulent information, State Farm Insurance Co. issued the policy pursuant to which ROLAND GRAY submitted a claim arising out of an alleged accident occurring on or about June 7, 1993.

h.  In an application for a health and income policy to Country Companies dated March 22, 1993, defendant ROLAND GRAY fraudulently represented that he neither had nor was applying for any  other medical or disability insurance coverage; he had never received or claimed indemnity benefits or a pension for any injury, sickness, or impaired condition; within the past five years he had

9

not, for any reason not already explained on the application, had a surgical operation, been hospitalized or been advised to have an operation, or consulted a doctor, chiropractor, psychologist, or other medical practitioner; he had had no accidents or motor vehicle violations in the past five years; the last doctor he had seen was in 1975 for a general checkup; and he had no other disability income or salary continuation insurance. On or about April 5, 1993, in a statement to the insurance company's medical examiner in connection with his application to Country Companies for the disability income insurance policy, ROLAND GRAY fraudulently represented that within the past five years he had no checkup, consultation, illness, injury, or surgery; he had not been a patient in a hospital or other medical facility; he had not had an electrocardiogram, x-ray, or other diagnostic test; and he had never requested or received a pension, benefits, or payment because of an injury, sickness, or disability. Relying on this fraudulent information, Country Companies issued the policy pursuant to which ROLAND GRAY submitted a claim arising out of an alleged accident occurring on or about June 7, 1993.

i. In an application for an automobile policy to Union Auto Indemnity Association dated September 2, 1993, defendant ROLAND GRAY fraudulently represented that during the past five years he had not been involved in any accidents or violations, and he had not been involved in any accidents as a driver regardless of fault. Relying on this fraudulent information, Union Auto Indemnity Association issued the policy pursuant to which a

10

hospital submitted claims arising from its treatment of a pedestrian who allegedly was hit by a vehicle driven by ROLAND GRAY on or about October 20, 1993. Also pursuant to this policy, ROLAND GRAY submitted a claim arising out of an alleged vehicle theft which occurred on or about November 3, 1993. In satisfaction of these claims, Union Auto Indemnity Association paid approximately $34,549.

j. In an application for an automobile policy to Union Auto Indemnity Association dated September 17, 1993, defendant ROLAND GRAY fraudulently represented that during the past five years neither he nor defendant ALICE GRAY, the other listed driver, had been involved in any accidents or violations, or had been involved in any accidents as a driver regardless of fault. Relying on this fraudulent information, Union Auto Indemnity Association issued the policy pursuant to which ROLAND GRAY, ALICE GRAY, and two other passengers submitted claims arising out of an alleged accident which occurred on or about March 9, 1994.

k. In an application for an automobile policy in the name of New Bethel Baptist Church to American Family Insurance Co. dated May 25, 1994, defendant ROLAND GRAY fraudulently represented that during the last three years no driver on the policy had any auto accidents, losses, or claims, including for vehicle theft, and no driver had any mental or physical impairments or had seen a doctor for any neck or back problems. Relying on this fraudulent information, American Family Insurance Co. issued the policy pursuant to which defendant ALICE GRAY submitted a claim arising

out of an alleged theft of vehicle which occurred on or about September 30, 1995. In satisfaction of this claim, American Family Insurance Co. paid approximately $540.

l.    In an application for a homeowners policy to American Family Mutual Insurance Co. dated May 31, 1994, defendant ROLAND GRAY fraudulently represented that neither he nor any member of his household had ever been convicted of a felony, and he had not sustained any losses at any location. Relying on this fraudulent information, American Family Mutual Insurance Co. issued the policy, pursuant to which ROLAND GRAY and ALICE GRAY submitted a claim arising out of an alleged theft of vehicle on September 30, 1995.

m.    In an application for a credit disability policy to Union Fidelity Life Insurance Co. effective May 27, 1995, to insure the repayment of a loan from South Holland Bank and Trust, defendant ROLAND GRAY fraudulently represented that he had not had medical advice or treatment for any back disorder during the past twelve months. Relying on this fraudulent information, Union Fidelity Life Insurance Co. issued the policy pursuant to which ROLAND GRAY submitted a claim arising out of an alleged automobile accident which occurred on or about June 7, 1995.

n.    In an application for an automobile policy to Illinois Founders Insurance Co. dated April 29, 1996, defendant ALICE GRAY fraudulently represented that neither she nor any operator had an automobile stolen or destroyed by fire, and had not been involved in any accidents in the past three years. Relying on

12

this fraudulent information, Illinois Founders Insurance Co. issued the policy pursuant to which defendants ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY submitted claims arising out of an alleged automobile accident which occurred on or about June 18, 1996.

o. In an application for an automobile policy to Warrior/Valor Insurance Co. dated April 30, 1996, defendant ALICE GRAY fraudulently represented that neither she nor defendant ROLAND GRAY had an accident or had been convicted of a moving violation within the last three years. Relying on this fraudulent information, Warrior/Valor Insurance Co. issued the policy pursuant to which defendants ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY submitted claims arising out of an alleged automobile accident which occurred on or about June 18, 1996. In satisfaction of these claims, Warrior/Valor Insurance Co. paid approximately $2,375.

6. It was further part of the scheme that defendants ROLAND GRAY, ALICE GRAY, ELIJAH GRAY, CHRISTOPHER GRAY, DAVID ESPER, and JACOB GRAVES, along with Stephanie Hobson and Ronald Crosby, made false and fraudulent representations in connection with claims for losses which they submitted to the aforementioned insurance companies. Among other things, defendants claimed injuries and medical treatment that in fact had not occurred, denied having other insurance when they in fact had other insurance, and denied having medical, accident, or loss histories, when they in fact had previously claimed one or more accidents with similar injuries and losses. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD submitted fraudulent medical reports in support of these

13

claims, in which he fraudulently verified the claimants' injuries and disabilities, and supplied false and fraudulent information regarding the diagnoses, treatment, and treatment history. Specifically, with respect to the claims for losses pursuant to these insurance policies, among other things, the defendants did the following:

a. In connection with a claim to Physicians Mutual Insurance Co. for losses arising out of an alleged accident which occurred on or about February 5, 1991, and which allegedly caused defendant ROLAND GRAY to sustain multiple contusions, whiplash, a concussion, and neck injuries, ROLAND GRAY fraudulently represented that he had never seen a doctor for this or a similar condition before. In satisfaction of this claim, Physicians Mutual Insurance Co. paid approximately $617.40.

b. In connection with a claim to Liberty National Life Insurance Co. for losses arising out of an alleged accident which occurred on or about February 5, 1991, and which allegedly caused defendant ROLAND GRAY to sustain multiple trunk contusions and a head contusion, ROLAND GRAY fraudulently represented that he had no other insurance with this or any other company which covered the sickness or injury. In satisfaction of this claim, Liberty National Life Insurance Co. paid approximately $2,433.10.

c. In connection with a claim to American States Insurance Co. for losses arising out of an alleged accident which occurred on or about February 5, 1991, and which allegedly caused defendant ROLAND GRAY to sustain whiplash and a concussion, ROLAND

14

GRAY fraudulently represented that he was not insured for medical reimbursement or disability with any other company. In satisfaction of this claim, American States Insurance Co. paid approximately $899.52.

d. In connection with a claim to Mutual of Omaha Insurance Co. for losses arising out of an alleged accident which occurred on or about August 25, 1991, and which allegedly caused defendant ELIJAH GRAY to sustain neck, back, head, hip, and shoulder injuries, ELIJAH GRAY fraudulently represented that he had never had the same kind of sickness or injury. In connection with a claim to Mutual of Omaha Insurance Co. for losses arising out of an alleged accident which occurred on or about May 12, 1992, and which allegedly caused ELIJAH GRAY to sustain neck, back, arm, hip, and shoulder injuries, ELIJAH GRAY fraudulently represented that he had never had the same kind of sickness or injury. In connection with a claim to Mutual of Omaha Insurance Co. for losses arising out of an alleged accident which occurred on or about April 9, 1993, and which allegedly caused ELIJAH GRAY to sustain shoulder and hip injuries, ELIJAH GRAY fraudulently represented that he had never had the same kind of sickness or injury. In satisfaction of one of these claims, Mutual of Omaha Insurance Co. paid approximately $346.70.

e. In connection with a claim to Life Insurance Company of Georgia for losses arising out of an alleged accident which occurred on or about February 12, 1992, and which allegedly caused defendant ROLAND GRAY to sustain neck and back injuries, ROLAND

GRAY made a false claim of disability. Defendant EDWIN McDONALD completed a fraudulent physician's statement in which he fraudulently verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, Life Insurance Company of Georgia paid approximately $2,083.24.

f. In connection with a claim to Life Insurance Company of Georgia for losses arising out of an alleged accident which occurred on or about June 13, 1992, and which allegedly caused defendant ROLAND GRAY to sustain neck and back injuries, ROLAND GRAY made a false claim of disability. Defendant EDWIN McDONALD completed a fraudulent physician's statement in which he fraudulently verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, Life Insurance Company of Georgia paid approximately $1500.00

g. In connection with a claim to Country Companies for losses arising out of an alleged accident which occurred on or about June 7, 1993, and which allegedly caused defendant ROLAND GRAY to sustain back injuries and a dislocated shoulder, ROLAND GRAY fraudulently represented that he had never had the same sickness or injury before.

h. In connection with a claim to Union Auto Indemnity Association for losses arising out of an alleged accident which occurred on or about March 9, 1994, and which allegedly caused defendant ROLAND GRAY to sustain neck and back injuries, ROLAND

16

GRAY submitted a false claim of injury. Defendant EDWIN McDONALD completed a fraudulent physician's statement in which he fraudulently verified ROLAND GRAY's injuries and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.

i.     In connection with a claim to American International Companies for losses arising out of an alleged accident which occurred on or about June 7, 1995, and which allegedly caused defendants ROLAND GRAY to sustain back injuries, ALICE GRAY to sustain shoulder, knee and back injuries, ELIJAH GRAY to sustain neck, side, and head injuries, and Stephanie Hobson to sustain head and back injuries, ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY made false claims of injury. In addition, ROLAND GRAY fraudulently represented that he was disabled, that he had never had a similar injury, and that he had no other insurance including life, accident, disability income, or hospital insurance, and ALICE GRAY fraudulently represented that she had never injured her back, knee, or shoulder before, and that she had never been in any prior accidents. Defendant EDWIN McDONALD prepared fraudulent medical reports in which he supplied false and fraudulent information regarding the diagnoses for, treatment of ROLAND GRAY, ALICE GRAY, ELIJAH GRAY, and Stephanie Hobson. In satisfaction of these claims, American International Companies paid approximately $10,272.51.

j.     In connection with a claim to American Family Mutual Insurance Co. for losses arising out of an alleged accident which

occurred on or about July 16, 1995, and which allegedly caused defendants ROLAND GRAY to sustain back, hip, and shoulder injuries, ALICE GRAY to sustain neck, back, and shoulder injuries, ELIJAH GRAY to sustain head, hip, and neck injuries, ROLAND GRAY and ELIJAH GRAY made false claims of injuries. Defendant EDWIN McDONALD prepared fraudulent medical reports in which he falsely verified ROLAND GRAY's and ELIJAH GRAY's injuries, and supplied false and fraudulent information regarding the diagnoses and treatment. In satisfaction of these claims, American Family Mutual Insurance Co. paid approximately $5002.55.

k.   In an affidavit to National Car Rental Systems regarding an alleged accident which occurred on or about June 18, 1996, and which allegedly caused defendants ALICE GRAY to sustain back and head injuries and ELIJAH GRAY to sustain neck, back, shoulder and foot injuries, ROLAND GRAY and ALICE GRAY fraudulently represented that at the time of the accident they did not have any automobile liability coverage nor any other liability insurance that would apply to this accident. In a telephone interview with National Car Rental Systems regarding this accident, ELIJAH GRAY fraudulently represented that he had not had any prior auto accidents or prior injuries of this nature. Defendant EDWIN McDONALD prepared fraudulent medical records in which he supplied false and fraudulent information regarding treatment of ALICE GRAY, and ELIJAH GRAY for these alleged injuries. In satisfaction of ALICE GRAY'S claim, National Car Rental Systems paid approximately $1,200.

18

l.    In connection with a claim to Illinois Founders Insurance Co. for losses arising out of an alleged accident which occurred on or about June 18, 1996, which allegedly caused defendants ROLAND GRAY to sustain neck and back injuries, ALICE GRAY to sustain unspecified soft tissue injuries, and ELIJAH GRAY to sustain neck and back injuries, ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY made false claims of injuries and medical treatment. Defendant EDWIN McDONALD prepared fraudulent medical records in which he supplied false and fraudulent information regarding treatment of ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY for these alleged injuries.

m.    In connection with a claim to Warrior/Valor Insurance Co. for losses arising out of an alleged accident which occurred on or about June 18, 1996, and which allegedly caused defendants ROLAND GRAY to sustain neck and back injuries, ALICE GRAY to sustain head, neck, and back injuries, and ELIJAH GRAY to sustain neck and back injuries, ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY made false claims of injuries and medical treatment. Defendant EDWIN McDONALD prepared fraudulent medical reports in which he supplied false and fraudulent information regarding his diagnoses and treatment of ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY for these alleged injuries.    In satisfaction of these claims, Warrior/Valor Insurance Co. paid approximately $2,375.

n.    On claim forms to Farmers Insurance Group for losses arising out of an alleged accident which occurred on or about June 18, 1996, and which allegedly caused defendants ROLAND GRAY to

sustain neck and back injuries, ALICE GRAY to sustain head pain, neck and back injuries, and ELIJAH GRAY to sustain back injuries, ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY fraudulently represented that they had not been treated previously for a similar injury. Defendant EDWIN McDONALD prepared fraudulent medical reports in which he supplied false and fraudulent information regarding the diagnoses and treatment of ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY for these alleged injuries. In satisfaction of these claims, Farmers Insurance Group paid approximately $7,008.54.

o. In connection with a claim to Hartford Insurance Co. for losses arising out of an alleged accident which occurred on or about December 14, 1996, and which allegedly caused defendant JACOB GRAVES to sustain back injuries, JACOB GRAVES falsely claimed that he was disabled. Defendant EDWIN McDONALD, at defendant ROLAND GRAY's direction, completed fraudulent medical records in which he supplied false and fraudulent information regarding the diagnosis and treatment. In satisfaction of this claim, Hartford Insurance Co. paid approximately $9,300.

p. In connection with a claim to St. Paul Fire and Marine Insurance Co., also known as Economy Fire and Casualty Co., for losses arising out of an alleged accident which occurred on or about September 1, 1997, and which allegedly caused defendants ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY to sustain neck and back injuries, ROLAND GRAY, ALICE GRAY, and ELIJAH GRAY fraudulently claimed that they were injured in this car accident. In satisfaction of these claims, St. Paul Fire and Marine Insurance

20

Co. paid approximately $12,110.

q. In connection with a claim to State Farm Insurance Co. for losses arising out of an alleged accident which occurred on or about October 23, 1997, and which allegedly caused Ronald Crosby to sustain back injuries, Ronald Crosby, at the suggestion of defendant ROLAND GRAY, knowingly submitted false and fraudulent medical reports prepared by defendant EDWIN McDONALD. In these medical reports, which were prepared at the direction of defendant ROLAND GRAY, EDWIN McDONALD supplied false information regarding treatment. In satisfaction of this claim, State Farm Insurance Co. paid approximately $2,000.

r. In connection with a claim to St. Paul Fire and Marine Insurance Co. for losses arising out of an alleged accident which occurred on or about April 13, 1998, and which allegedly caused defendants ROLAND GRAY to sustain neck, shoulder, and hand injuries, ELIJAH GRAY to sustain back and feet injuries, and CHRISTOPHER GRAY and Ronald Crosby to sustain neck injuries, ROLAND GRAY and ELIJAH GRAY made fraudulent claims of injuries as a result of this accident. Ronald Crosby supplied false information regarding the occurrence of the accident and treatment for his alleged injuries. Defendant EDWIN McDONALD, at the direction of ROLAND GRAY, prepared fraudulent medical reports in which he falsely verified ROLAND GRAY's, ELIJAH GRAY's, and Ronald Crosby's disabilities, and supplied false and fraudulent information regarding the diagnoses and treatment.

s. In connection with a claim to Allstate Insurance Co.

for losses arising out of an alleged accident which occurred on or about October 5, 1998, and which allegedly caused defendants ROLAND GRAY, DAVID ESPER, and Stephanie Hobson to sustain back and neck injuries, DAVID ESPER and Stephanie Hobson made false representations regarding the treatment that they had received for their injuries. Defendant EDWIN McDONALD, at the direction of ROLAND GRAY, completed fraudulent physician's statements in which he falsely verified DAVID ESPER's and Stephanie Hobson's injuries, and supplied false and fraudulent information regarding the diagnoses and treatment. In satisfaction of these claims, Allstate Insurance Co. paid approximately $2000.

t. In connection with a claim to St. Paul Fire and Marine Insurance Co. for losses arising out of an alleged accident which occurred on or about August 20, 1999, and which allegedly caused defendants ELIJAH GRAY to sustain neck, back, and shoulder injuries, CHRISTOPHER GRAY to sustain back, chest, and neck injuries, and DAVID ESPER to sustain back and neck injuries, ELIJAH GRAY and CHRISTOPHER GRAY fraudulently stated that they had never had any prior similar injury. CHRISTOPHER GRAY and DAVID ESPER fraudulently stated that they had not been treated for any health condition in the past year. In satisfaction of these claims, St. Paul Fire and Marine Insurance Co. paid approximately $2,920.50.

7. It was further part of the scheme that defendants ROLAND GRAY, ALICE GRAY, ELIJAH GRAY, CHRISTOPHER GRAY, and JACOB GRAVES, along with Stephanie Hobson, obtained loans from various banks, obtained disability insurance to insure the repayment of those

22

loans, and then made fraudulent disability claims to the insurers in order to avoid repaying the loans and to cause the insurance companies to repay the loans. Among other things, defendants claimed disabilities, injuries, and medical treatment that in fact had not occurred, and denied having medical, accident, or loss histories when they in fact had previously claimed one or more accidents with similar injuries and losses. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD submitted fraudulent physician statements in support of these claims, in which he falsely verified the claimant's disability, and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. Specifically, with respect to these bank loans and the corresponding disability insurance policies, among other things, the defendants did the following:

a. On or about August 19, 1989, defendant ROLAND GRAY obtained a loan from Beverly Bank in the amount of $8,632.92 and a disability policy from The Credit Life Insurance Co, later known as Union Fidelity Life Insurance Co., insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY submitted a claim for losses arising out of an alleged accident which occurred on or about September 26, 1989, and which allegedly caused ROLAND GRAY to sustain back and neck injuries and multiple contusions. In connection with this claim, ROLAND GRAY fraudulently represented that he had never had a similar condition, no doctors had treated him for any sickness or accident in the last three years, and his employment had not been interrupted before for medical reasons

23

other than for colds and flus.  In satisfaction of this and another claim submitted by ROLAND GRAY, Union Fidelity Life Insurance Co. paid approximately $5,275.

b.    On or about February 7, 1992, defendant ROLAND GRAY obtained a loan from Devon Bank in the amount of $17,131.31 and a disability policy from Individual Assurance Co. insuring the repayment of that loan.  Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to injuries arising out of alleged accidents which occurred on or about February 12, 1992 and June 13, 1992.    Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.  In satisfaction of these claims, Individual Assurance Co. paid Devon Bank approximately $12,866.64.

c.    On or about March 19, 1993, defendant ALICE GRAY obtained a loan from First National Bank of Chicago in the amount of $6,093.32 and a disability policy from Globe Life Insurance Co. insuring the repayment of that loan.  Shortly thereafter, ALICE GRAY submitted a claim for losses arising out of an alleged accident which occurred on or about April 1, 1993, and which allegedly caused ALICE GRAY to sustain a dislocated shoulder and head injuries.    In connection with this claim, ALICE GRAY fraudulently represented that she had never had the same or similar condition, and that no doctors had treated her for any sickness or accident in the last three years.  In satisfaction of this claim, Globe Life Insurance Co. paid approximately $4999.99.

24

d.    On or about January 29, 1993, defendant ALICE GRAY obtained a loan from Bancplus Mortgage Corp. in the amount of $55,362 and a disability policy from Monumental Life Insurance Co., later known as AEGON, on June 1, 1993, insuring the repayment of that loan.  Shortly thereafter, ALICE GRAY submitted a claim for losses arising out of an alleged accident which occurred on or about August 6, 1993, and which allegedly caused defendant ALICE GRAY to sustain head, neck, and leg injuries, ALICE GRAY falsely claimed she was disabled.  Defendant EDWIN McDONALD prepared fraudulent medical reports regarding services allegedly rendered from April 17, 1994 through December 27, 1994, which ALICE GRAY submitted in support of this fraudulent claim.  In connection with a claim to Monumental Life Insurance Co. for losses arising out of an alleged accident which occurred on or about July 16, 1995, and which allegedly caused ALICE GRAY to sustain neck and back injuries, ALICE GRAY falsely claimed she was disabled.  EDWIN McDONALD prepared fraudulent medical reports regarding services allegedly rendered from July 21, 1995 through September 1, 1995, October 10, 1995 through March 22, 1997, June 18, 1996 through July 20, 1996, and April 28, 1997 through June 6, 1997, which ALICE GRAY submitted in support of this fraudulent claim.  In connection with a claim to Monumental Life Insurance Co. for losses arising out of an alleged accident which occurred on or about June 18, 1996, and which allegedly caused ALICE GRAY to sustain head, neck, and back injuries, defendant ALICE GRAY falsely claimed she was disabled. EDWIN McDONALD prepared a fraudulent medical report for services

25

allegedly rendered from June 19, 1996 through September 3, 1996, which ALICE GRAY submitted in support of this fraudulent claim. In connection with a claim to Monumental Life Insurance Co. for losses arising out of an alleged accident which occurred on or about July 17, 1997, and which allegedly caused ALICE GRAY to sustain back injuries, ALICE GRAY falsely claimed she was disabled. EDWIN McDONALD prepared a fraudulent medical report regarding services allegedly rendered from July 21, 1997 through September 11, 1997, which ALICE GRAY submitted in support of this fraudulent claim. In connection with a claim to Monumental Life Insurance Co. for losses arising out of an alleged accident which occurred on or about March 11, 1998, and which allegedly caused ALICE GRAY to sustain back injuries, ALICE GRAY falsely claimed she was disabled. EDWIN McDONALD prepared a fraudulent medical report regarding services allegedly rendered from March 11, 1998 through May 23, 1998, which ALICE GRAY submitted in support of this fraudulent claim. In satisfaction of these claims, Monumental Life Insurance Co. paid approximately $31,176.80.

e. On or about April 11, 1994, defendant ALICE GRAY obtained a loan from First State Bank of Calumet City in the amount of $6,218.25 and a disability policy from Individual Assurance Co. insuring the repayment of that loan. Shortly thereafter, ALICE GRAY falsely claimed that she was disabled due to injuries arising out of an alleged accident which occurred on or about April 17, 1994, and which allegedly caused defendant ALICE GRAY to sustain back and knee injuries, ALICE GRAY fraudulently represented that

she had not had the same or similar sickness before, and falsely listed numerous dates of medical treatment for the injuries she had allegedly sustained due to this alleged accident. Defendant EDWIN McDONALD prepared fraudulent medical reports in which he falsely verified ALICE GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, Individual Assurance Co. paid First State Bank of Calumet City approximately $2,173.13.

f.   On or about July 12, 1994, defendant ROLAND GRAY obtained a loan from GMAC in the amount of $12,410.54 and a disability policy from Southwest Reinsurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to injuries arising out of an alleged accident which occurred on or about August 3, 1994. Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, Southwest Reinsurance Co. paid GMAC approximately $10,380.

g.   On or about July 29, 1994, defendant ROLAND GRAY obtained a loan from Devon Bank in the amount of $5,147.41 and a disability policy from Individual Assurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to neck and back injuries arising out of an alleged accident which occurred on or about August 3, 1994.   Defendant EDWIN McDONALD completed fraudulent medical

27

reports in which he falsely verified defendant ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, Individual Assurance Co. paid Devon Bank approximately $5,136.

h.     On or about July 29, 1994, defendant ROLAND GRAY obtained a loan from South Holland Trust and Savings Bank in the amount of $7,440.72 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan.     Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to injuries arising out of an alleged accident which occurred on or about August 3, 1994.     Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.  On or about June 7, 1995, ROLAND GRAY made a second fraudulent claim for losses pursuant to the same policy: he falsely claimed that he was disabled due to injuries arising out of an alleged accident which occurred on or about June 7, 1995.   EDWIN McDONALD completed fraudulent medical reports in which he verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.  In satisfaction of these claims, USLife Credit Life Insurance Co. paid South Holland Trust and Savings Bank approximately $7,048.01.

i.     On or about May 23, 1995, defendant ROLAND GRAY obtained a loan from Eagle Finance Co. in the amount of $16,915.77

28

and a disability policy from Protective Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to injuries arising out of an alleged accident which occurred on or about June 7, 1995. Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.

j. On or about May 23, 1995, defendant ROLAND GRAY obtained a loan from Cole Taylor Bank in the amount of $7,224.13 and a disability policy from Union Fidelity Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about June 7, 1995. He also fraudulently claimed that he had never had the same or similar condition, he had not been treated by any doctors for any sickness or accident in the last three years, he was neither receiving nor had received any disability pension or compensation. Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified defendant ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, Union Fidelity Life Insurance Co. paid Cole Taylor Bank approximately $1,632.26.

k. On or about May 25, 1995, defendant ROLAND GRAY obtained a loan from Highland Community Bank in the amount of

29

$7,189.22 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to injuries arising out of an alleged accident which occurred on or about June 7, 1995. Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, USLife Credit Life Insurance Co. paid Highland Community Bank approximately $1,641.78.

l. On or about May 26, 1995, defendant ROLAND GRAY obtained a loan from LaSalle Talman Bank in the amount of $6,315.89 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to injuries arising out of an alleged accident which occurred on or about June 7, 1995. Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.

m. On or about May 26, 1995, defendant ELIJAH GRAY obtained a loan from Highland Community Bank in the amount of $9,259.46 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ELIJAH GRAY falsely claimed that he was disabled due to neck, back, leg, and arm injuries arising out of an alleged accident which

30

occurred on or about June 7, 1995. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified ELIJAH GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $801.21.

n.    On or about May 27, 1995, defendant ROLAND GRAY obtained a loan from South Holland Trust and Savings Bank in the amount of $19,785.18 and a disability policy from Union Fidelity Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about June 7, 1995. He also fraudulently represented that he had never had this condition before, no doctors had treated him for any sickness or accident in the last three years, and he neither was receiving nor had received any disability pension or compensation. Defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.

o.    On or about June 2, 1995, defendant ELIJAH GRAY obtained a loan from Cole Taylor Bank in the amount of $9,291.35 and a disability policy from Union Fidelity Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ELIJAH GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about June

31

7, 1995, and that he had never had the same or similar condition. Defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified ELIJAH GRAY's disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history.

p.    On or about June 6, 1995, Stephanie Hobson obtained a loan from Cole Taylor Bank in the amount of $10,248.73 and a disability policy from Union Fidelity Life Insurance Co. insuring the repayment of that loan.   Shortly thereafter, at defendant ROLAND GRAY's direction, Stephanie Hobson falsely claimed that she was disabled due to injuries arising out of an alleged accident which occurred on or about June 7, 1995.   At ROLAND GRAY's direction, defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified Stephanie Hobson's disability and supplied false and fraudulent information regarding the diagnosis and treatment.   In satisfaction of this claim, Union Fidelity Life Insurance Co. paid Cole Taylor Bank approximately $875.72.

q.    On or about December 13, 1996, defendant JACOB GRAVES obtained a loan from First National Bank of Chicago Heights in the amount of $3,062.38 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, JACOB GRAVES falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about December 14, 1996.  At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed fraudulent

32

medical reports in which he falsely verified JACOB GRAVES' disability and supplied false and fraudulent information regarding the diagnosis, treatment, and treatment history. In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $2,966.67.

r. On or about January 23, 1997, defendant ELIJAH GRAY obtained a loan from Union Planters Bank in the amount of $7,281.01 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ELIJAH GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about January 25, 1997. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ELIJAH GRAY's disability and supplied false and fraudulent information regarding the diagnosis and treatment. In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $7,529.16.

s. On or about July 2, 1997, defendant ALICE GRAY obtained a loan from TCF National Bank in the amount of $10,174.32 and a disability policy from Union Fidelity Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ALICE GRAY falsely claimed that she was disabled due to injuries arising out of an alleged accident which occurred on or about July 17, 1997. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed fraudulent medical reports in which he falsely verified ALICE GRAY's disability and supplied false and fraudulent

33

information regarding the diagnosis, treatment, and treatment history.

t.     On or about July 14, 1997, defendant ROLAND GRAY obtained a loan from TCF National Bank in the amount of $7,253.80 and a disability policy from Union Fidelity Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, ROLAND GRAY falsely claimed that he was disabled due to neck injuries arising out of an alleged accident which occurred on or about July 17, 1997. He also falsely claimed that no physician had been consulted for this or any condition in the past three years or in the present. Defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified ROLAND GRAY's disability and supplied false and fraudulent information regarding the diagnosis and treatment.

u.     On or about August 29, 1997, defendant JACOB GRAVES obtained a loan from LaSalle National Bank, FSB in the amount of $4,631.41 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, JACOB GRAVES falsely claimed that he was disabled due to neck injuries arising our of an alleged accident which occurred on or about September 11, 1997. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified JACOB GRAVES' disability and supplied false and fraudulent information regarding the diagnosis and treatment. In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $4,456.72.

34

v.    On or about May 1, 1998, defendant CHRISTOPHER GRAY obtained a loan from LaSalle National Bank in the amount of $9,325.37 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan.  Shortly thereafter, CHRISTOPHER GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about May 30, 1998.  At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified CHRISTOPHER  GRAY's disability and supplied false and fraudulent information regarding the diagnosis and treatment.  In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $8,833.66.

w.    On or about February 17, 1999, defendant CHRISTOPHER GRAY obtained a loan from Harris Bank in the amount of $9,264.90 and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan.  Shortly thereafter, CHRISTOPHER GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about February 20, 1999.  At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified CHRISTOPHER GRAY's disability and supplied false and fraudulent information regarding the diagnosis and treatment.  In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $8,589.21.

x.    On or about February 19, 1999, defendant CHRISTOPHER GRAY obtained a loan from LaSalle Bank in the amount of $4,655.26

35

and a disability policy from USLife Credit Life Insurance Co. insuring the repayment of that loan. Shortly thereafter, CHRISTOPHER GRAY falsely claimed that he was disabled due to back injuries arising out of an alleged accident which occurred on or about February 20, 1999. CHRISTOPHER GRAY further fraudulently claimed that he had not been previously disabled from this condition at any other time, and he had not been treated for this condition at any other time. At defendant ROLAND GRAY's direction, defendant EDWIN McDONALD completed a fraudulent medical report in which he falsely verified CHRISTOPHER GRAY's disability and supplied false and fraudulent information regarding the diagnosis and treatment. In satisfaction of this claim, USLife Credit Life Insurance Co. paid approximately $4,289.15.

8. It was further part of the scheme that defendants ROLAND GRAY, ALICE GRAY, ELIJAH GRAY, CHRISTOPHER GRAY, DAVID ESPER, and JACOB GRAVES, along with Stephanie Hobson and Ronald Crosby, did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the scheme and the purpose of those acts.

9. On or about July 14, 1995, in the Northern District of Illinois, Eastern Division,

> ROLAND GRAY,
> ELIJAH GRAY, and
> EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by

36

the United States Postal Service according to the directions thereon, an envelope addressed to Financial Insurance Service Center, Attention: Claims Department, 4890 Street Road, Trevose, PA 19049, with a return address of Elijah Gray, 182 East 154th, Harvey, IL 60426, containing a claim for disability benefits for ELIJAH GRAY;

In violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT TWO

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about August 17, 1995, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Union Fidelity Life Insurance Co., 4890 Street Road, Trevose, PA 19049-8021, with a return address of Roland Gray, P.O. Box 1448, Harvey, IL 60426, containing a claimant's statement regarding ROLAND GRAY's alleged disability;

In violation of Title 18, United States Code, Sections 2 and 1341.

38

## COUNT THREE

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about August 28, 1995, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to South Holland Trust and Savings Bank, 16178 South Park Avenue, South Holland, IL 60473, containing a check from USLife Credit Life Insurance Co., check number 428595, in the amount of $454.71, as partial payment of a loan obtained by ROLAND GRAY;

In violation of Title 18, United States Code, Sections 2 and 1341.

39

## COUNT FOUR

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about September 26, 1995, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
ALICE GRAY,
also known as Alice Galimore,
also known as Alice Bruce, and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Willis Corroon Corp. of South Carolina, P.O. Box 290604, Nashville, Tennessee, with a return address of Alice Gray, 14637 S. Vincennes, Harvey, IL 60426, containing a medical report and medical bill for ALICE GRAY;

In violation of Title 18, United States Code, Sections 2 and 1341.

40

## COUNT FIVE

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.   On or about April 7, 1997, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
ALICE GRAY,
also known as Alice Galimore,
also known as Alice Bruce, and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Monumental General Insurance Group, Life & Health Claim Department MS#46, P.O. Box 17004, Baltimore, MD 21297-0428, with a return address of Alice Galimore, 14637 Vincennes, Harvey, IL 60426, containing a claimant's statement regarding ALICE GRAY's alleged disability;

In violation of Title 18, United States Code, Sections 2 and 1341.

41

## COUNT SIX

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about June 10, 1997, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
ALICE GRAY,
also known as Alice Galimore,
also known as Alice Bruce, and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Monumental General Insurance Group, Life & Health Claim Department MS#46, P.O. Box 17004, Baltimore, MD 21297-0428, with a return address of Alice Galimore, 14637 Vincennes, Harvey, IL 60426 General Insurance Group, Life & Health Claim Department MS#46, P.O. Box 17004, Baltimore, MD 21297-0428, with a return address of Alice Galimore, 14637 Vincennes, Harvey, IL 60426, containing a claimant's statement regarding ALICE GRAY's alleged disability;

In violation of Title 18, United States Code, Sections 2 and 1341.

42

## COUNT SEVEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about June 13, 1997, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
JACOB GRAVES, and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to First National Bank in Chicago Heights, 101 Dixie Hwy, Chicago Heights, IL 60411, containing a check from USLife Credit Life Insurance Co., check number 701399, in the amount of $2,966.67, as partial payment of a loan obtained by JACOB GRAVES;

In violation of Title 18, United States Code, Sections 2 and 1341.

43

## COUNT EIGHT

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2. On or about June 17, 1997, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROLAND GRAY,
ELIJAH GRAY, and
EDWIN McDONALD,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Union Planters Bank of AL, 255 Grant St. S.E., Decatur, AL 35602, containing a check from USLife Credit Life Insurance Co., check number 702384, in the amount of $1,903.44, as partial payment of a loan obtained by ELIJAH GRAY;

In violation of Title 18, United States Code, Sections 2 and 1341.

44

## COUNT NINE

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about June 19, 1997, in the Northern District of Illinois, Eastern Division,

> ROLAND GRAY,
> JACOB GRAVES, and
> EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Jacob Graves, 182 E. 154th St., Harvey, IL, 60426, containing a check from Hartford Insurance Co., check number 506435930, in the amount of $9,300;

In violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT TEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.   On or about February 1, 1999, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
CHRISTOPHER GRAY, and
EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to LaSalle Talman Bank, 4747 W. Irving Park Rd, Chicago, IL 60641, containing a check from USLife Credit Life Insurance Co., check number 220377, in the amount of $2,409.18, as partial payment of a loan obtained by CHRISTOPHER GRAY;

In violation of Title 18, United States Code, Sections 2 and 1341.

46

## COUNT ELEVEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.   The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.   On or about April 8, 1999, in the Northern District of Illinois, Eastern Division,

                    ROLAND GRAY,
                    DAVID ESPER, and
                    EDWIN McDONALD,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Market Claims Office, P.O. Box 4957, Oak Brook, IL 60522-4957, with a return address of Dr. Edwin McDonald, 753 E. 79th St., Chicago, Ill 60619, containing medical reports and bills for DAVID ESPER and Stephanie Hobson;

In violation of Title 18, United States Code, Sections 2 and 1341.

47

## COUNT TWELVE

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about June 3, 1999, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,
CHRISTOPHER GRAY, and
EDWIN McDONALD,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Harris Bank, 150 West Wilson, Palatine, IL 60067, containing a check from USLife Credit Life Insurance Co., check number 266927, in the amount of $2,488.46, as partial payment of a loan obtained by CHRISTOPHER GRAY;

In violation of Title 18, United States Code, Section 1341.

48

## COUNT THIRTEEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about September 16, 1999, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY,

defendant herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Gray, Roland & Alice, 14637 Vincennes, Harvey, IL 60426, with a return address of St. Paul Fire and Marine Insurance Co., Claims Region, 500 Economy Ct., Freeport IL 61032-5055, containing a claim status report regarding an alleged accident which occurred on August 20, 1999;

In violation of Title 18, United States Code, Sections 2 and 1341.

49

## COUNT FOURTEEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2.    On or about September 17, 1999, in the Northern District of Illinois, Eastern Division, and elsewhere,

ROLAND GRAY and
ELIJAH GRAY,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Gray, Elijah, Rt 1 Box 175-87, Decatur, AL 35601, with a return address of St. Paul Fire and Marine Insurance Co., Freeport Personal Insurance, Claims Region, 500 Economy Ct., Freeport IL 61032-5055, containing a letter and medical consent form regarding an alleged accident which occurred on August 20, 1999;

In violation of Title 18, United States Code, Sections 2 and 1341.

## COUNT FIFTEEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraphs 1 through 8 of Count One of this indictment.

2. On or about December 23, 1999, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY and
DAVID ESPER,

defendants herein, for the purpose of executing the aforesaid scheme and attempting to so do, knowingly caused to be placed in an authorized depository for mail matter, to be sent and delivered by the United States Postal Service according to the directions thereon, an envelope addressed to Metlife Auto & Home Insurance, Attn: Ms. Jolene Carney, Claim Representative, P.O. Box 441, Freeport, IL 61032, with a return address of Physician's Health Services, 7959 South Western Avenue, Chicago, IL 60620-5941, containing an itemized bill, notice of physician's lien, medical report, patient questionnaire, assignment of benefits, and doctor's examination notes, regarding DAVID ESPER's alleged injuries arising out of an accident which allegedly occurred on August 20, 1999;

In violation of Title 18, United States Code, Sections 2 and 1341.

51

## COUNT SIXTEEN

The SPECIAL JANUARY 1999-2 GRAND JURY further charges:

On or about August 9, 1999, in the Northern District of Illinois, Eastern Division,

ROLAND GRAY and
ELIJAH GRAY,

defendants herein, attempted to corruptly persuade another person, with intent to influence, delay and prevent the testimony of that person in an official proceeding, namely defendants attempted to corruptly persuade Edwin McDonald not to appear and testify before the Special January 1999-2 Grand Jury;

In violation of Title 18, United States Code, Sections 2 and 1512(b)(1).

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY

52

No. _____

FILED

JUN 27 2000

Magistrate Judge W. Thomas Rosemond, Jr.
U. S. District Court

UNITED STATES DISTRICT COURT
Northern District of Illinois
Eastern Division

THE UNITED STATES OF AMERICA

vs.

ROLAND GRAY, ALICE GRAY, also known as Alice Galimore
also known as Alice Bruce,
ELIJAH GRAY, CHRISTOPHER GRAY, DAVID ESPER, JACOB GRAVES,
and EDWIN McDONALD

INDICTMENT

Violations: Title 18, United States Code,
Sections 2, 1341 and 1512(b)(1)

A true bill,

_Willia Peterre_

Foreman

Filed in open court this _27th_ day

of _JUNE_ , A.D. _2000_

MICHAEL W. DOBBINS

_By: Linda Garth, Deputy Clerk_

Bail, $ _____

Case: 1:00-cr-00503 Document #: 1 Filed: 06/27/00 Page 53 of 53 PageID #:53